## BAKELITE CORPORATION v. BRUNS-WICK–BALKE–COLLENDER CO.

District Court, D. Delaware.   February 22, 1928.

No. 537.

Patents &322—Proof of allegation of notice of infringement may be made before master on accounting (35 USCA § 49).

Where the bill alleges notice of infringement of process patent to defendant, as required by Rev. St. § 4900 (35 USCA § 49; Comp. St. § 9446), to authorize recovery of damages, proof of such allegation may be made before the master on accounting.

In Equity. Suit by the Bakelite Corporation against the Brunswick-Balke-Collender Company. On motion to amend order for accounting by defendant. Order amended.

Charles Neave and Maxwell Barus (of Fish, Richardson & Neave), both of New York City, and Robert H. Richards, of Wilmington, Del., for plaintiff.

William H. Davis (of Pennie, Davis, Marvin & Edmonds), and John F. Neary, both of New York City, and Ward & Gray, of Wilmington, Del., for defendant.

MORRIS, District Judge. After the decision of the Circuit Court of Appeals in Bakelite Corporation v. Brunswick-Balke-Collender Co., 18 F.(2d) 384, an order was here entered directing the defendant to file its account, on a day named, "with regard to any and all infringements of claims 1, 2 and 4" of patent No. 942,699, covering "the period from six years prior to the filing of the bill of complaint herein down to December 7, 1926, the expiration date of the patent."

Relying upon R. S. § 4900 (35 USCA § 49; Comp. St. § 9446), the defendant now moves that the order be amended by advancing the beginning date of the period to be covered by the account from a day six years prior to the filing of the bill of complaint to the 2d day of October, 1922, the date upon which the plaintiff by letter notified the defendant of its infringement. The plaintiff, asserting that R. S. § 4900, is without application to process patents, opposes the motion. It further points out that, as a matter of precaution, it alleged in the bill of complaint, not only notice to the defendant by letter of October 2, 1922, but also "that plaintiff and its predecessor in title to said patents, General Bakelite Company, have not themselves made and sold billiard balls, but have made and sold for the manufacture of billiard balls covered by claim 8 of said letters patent No. 942,809, by the processes described and claimed in each of said letters patent, the resinous product described in said letters patent No. 942,809 and claimed in claim 7 thereof, and have given due notice to the public that the same was patented, by affixing to packages containing said resinous product the word 'Patented,' together with the day and year of each of the aforesaid letters patent, and upon information and belief plaintiff avers that from about January, 1913, when the Hyatt-Burroughs Billiard Ball Company first began to manufacture such billiard balls, to about July 31, 1918, when it ceased the manufacture of billiard balls, said Hyatt-Burroughs Billiard Ball Company, which was the sole person then making or vending said billiard balls under said patent, gave due notice to the public that the same were patented by affixing to packages containing one or more of said billiard balls a label bearing the word 'Patented,' together with the day and year of said patent, and that very large numbers of such packages of billiard balls so marked were sold during said period."

Though, prior to the interlocutory decree, the plaintiff offered no proof to sustain the quoted allegations, it now takes the position that it is entitled to introduce such proof upon the accounting before the master, and contends that, if R. S. § 4900, is applicable to process patents, the order for the accounting should be amended, so as expressly to authorize the plaintiff to support, by proof before the master, the foregoing allegations.

What patentees are within the scope of R. S. § 4900 has not been settled with finality. The decisions with respect thereto are not harmonious. Whether it applies to process patents is not free from doubt. If it is applicable to process patents, a further question, likewise unsettled, is whether evidence supporting allegations of the character of those here quoted from the bill of complaint would establish compliance with the statute.

In view of the state of the law, that no appeal from a decision of this court with respect thereto will lie until after the accounting is had, and that a plaintiff is at liberty to prove before the master pleaded compliance with the statute (Aronson v. Toy Devices, 1 F.[2d] 91 [C. C. A. 3], Flat Slab Patents Co. v. Turner, 285 F. 257 [C. C. A. 8]), and the further fact that an accounting must at all events be had for the period running from the date of the letter of notice to the expiration of the patent, it seems to me that the interest of both parties will probably be best conserved by taking now upon the accounting all the testimony that may be needed to enter the final decree, in accordance with any view of the law which this or any appellate court may take.

To this end, the accounting should cover the full period called for by the present order. But it should be stated as if for three separate and distinct periods. Of these, the first should be that from the date of the letter of notice to the date of the expiration of the patent. The second should run from the date of the earliest constructive notice established by the evidence to be taken under the quoted allegations of the bill of complaint, to the date of the letter of notice. This assumes, of course, that the evidence to be taken will establish a date earlier than that of the letter. The third period should be that beginning six years prior to the filing of the bill of complaint, and ending on the date of the earliest constructive notice established by the evidence to be taken. If the date of the earliest constructive notice proves to be more than six years before the bill of complaint was filed, there will, of course, be no third period. In order that the account may be so subdivided into periods, the evidence of

the parties with respect to constructive notice should be first taken. The order for the accounting will be without prejudice to the rights of either party under R. S. § 4900, asserted at final hearing.

An amended order in conformity herewith may be submitted.